# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA            JS-6

### CIVIL MINUTES - GENERAL

Case No. SACV 10-95 DOC (RNBx)                                              Date: June 4, 2010

Title: DWIGHT TIMOTHY GRANDY v. INTERNAL REVENUE SERVICE; FRANCHISE TAX BOARD; DOES 1 through 100

---

DOCKET ENTRY
  [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                     Date:_____ Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

  Stephanie Mikhail                          Not Present
   Courtroom Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER DISMISSING CASE WITH PREJUDICE FOR FAILURE TO TIMELY FILE AMENDED PLEADING

On April 5, 2010, this Court dismissed without prejudice Plaintiff's claims against the Internal Revenue Service and directed Plaintiff to file an amended pleading within ten days of the filing of that order. The Court warned Plaintiff that the failure to timely file an amended pleading would result in the dismissal of this action with prejudice. Plaintiff failed to timely file an amended pleading.

On April 27, 2010, the Court again directed Plaintiff to file an amended pleading within fourteen days of the April 27 Order. In its April 27 Order, the Court again warned Plaintiff that the "[f]ailure to timely file an amended complaint shall result in the dismissal of this action with prejudice." Plaintiff failed to timely file an amended complaint and, as of the date of this Order, has not filed an amended complaint.

Plaintiff appears disinterested in the diligent prosecution of this action. Though the Court has made great efforts to guide this *pro se* Plaintiff in the drafting and submission of an amended

complaint, *see* Docket 19 at 5 (instructing Plaintiff to "first, provide specific facts as to his case, second, allege cognizable causes of action, and third, identify for the Court exactly which claims he has previously submitted to the IRS"), Plaintiff has not heeded the Court's direction. In such circumstances, the Ninth Circuit has affirmed the dismissal of actions with prejudice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261-62 (9th Cir. 1992).

Moreover, it is worth revisiting the grounds upon which Plaintiff's claims against the IRS were dismissed without prejudice. The Court's April 5 Order cited Plaintiff's apparent failure to exhaust administrative remedies on any claims not barred by the Federal Tort Claims Act. *See* Docket 19 at 4-5. Yet, the Court granted Plaintiff leave to amend in consideration of the possibility that Plaintiff had simply failed to attach documents that evidenced the exhaustion of administrative of non-FTCA barred claims. *Id.* Plaintiff failed to do so.

Finally, the dismissal with prejudice of Plaintiff's surviving claims against the IRS does not exact an undue sanction. In *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1988), the Ninth Circuit identified five factors to be assessed by the district court when determining whether to dismiss an action with prejudice: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of a less drastic alternative." *Id.* All but the fourth *Hernandez* factor weighs in favor of dismissal with prejudice. Plaintiff presented no evidence that he administratively exhausted his claims against the IRS, even though this defect was specifically identified by the Court's April 5 Order. In addition, it is clear that Plaintiff's failure to timely file an amended complaint did not result from any lack of notice – indeed, Plaintiff has continued to submit papers that appear to seek the recusal of one or more of the district judges that have issued orders in connection with the instant lawsuit. Finally, the prejudice to the IRS of having to continue to defend against an action that is likely legally infirm – for the sole reason that Plaintiff has failed to respond to the Court's initial April 5 Order – is not warranted.

The Court separately notes that dismissal is also proper under Fed. R. Civ. P. 41(b), which provides that a case may be involuntarily dismissed if "the plaintiff fails to prosecute." *See Link v. Wabash R.R.*, 370 U.S. 626, 629-31, 82 S.Ct. 1386 (1962) ("The power to invoke this section is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). It has been nearly two months since the Court dismissed Plaintiff's claims without prejudice and with leave to amend. During those two months, the Court has reminded Plaintiff of his obligation to timely file an amended complaint that addresses the specific defects identified in the Court's April 5 Order. And Plaintiff has failed to do so.

Accordingly, the Court DISMISSES this action WITH PREJUDICE.

The Clerk shall serve this minute order on all parties to the action.